IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3022-FL

| | | |
|---|---|---|
| MARK ANTHONY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SABATRAIN BROWN and GERALD BRANKER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's motion for reconsideration (DE # 8) and motion to appoint counsel (DE # 25). Defendants did not respond to plaintiff's motions. In this posture, these issues are ripe for adjudication.

Plaintiff requests that the court reconsider its denial of his motion to appoint counsel, arguing that he lacks the capacity to proceed *pro se*. Plaintiff additionally filed a second motion to appoint counsel arguing that his incarceration and learning disability make it difficult to litigate his case. However, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other

grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion for reconsideration (DE # 8) and his motion to appoint counsel (DE # 25) are DENIED.

SO ORDERED, this the 26 day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge

2