IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3022-FL

| | |
|---|---|
| MARK ANTHONY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SEBASTIAN BROWN[1] AND ) | |
| GERALD BRANKER, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss (DE # 26) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Warden Gerald Branker ("Branker") and the motion to dismiss (DE # 32) pursuant to Rule 12(b)(6) filed by defendant Nurse Sebastian Brown ("Brown"). Plaintiff responded to Brown's motion, but did not respond to Branker's motion. The motions were fully briefed. Also before the court is plaintiff's motion to amend (DE# 29), to which defendants did not respond. In this posture, the issues raised are ripe for adjudication.

## STATEMENT OF THE CASE

On February 3, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against defendants alleging that defendants acted with deliberate indifference to his serious medical needs

---

[1] Plaintiff in his December 16, 2011, amended complaint states that the correct name for the party he initially identified as Sabatrain Brown actually is Sebastian Brown. The court hereinafter will refer to this party as Sebastian Brown.

in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleges that defendants used excessive force against him in violation of the Eighth Amendment. On November 30, 2011, Branker filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. Plaintiff then filed a motion to amend his complaint on December 16, 2011. On December 20, 2011, Brown filed a motion to dismiss also arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On December 14, 2007, plaintiff was transferred from Pasquotank Correctional Institution to Central Prison. Plaintiff had been assaulted by staff at Pasquotank, and was again assaulted by staff when he arrived at Central Prison.

After the assault, plaintiff was taken to the medical unit where he was strapped to a bed and Brown injected an unknown substance into his arm through a needle. Plaintiff then passed out. When plaintiff awoke, he "weighed 161 pounds, but prior to being injected . . . weighed 234 pounds." Am. Compl. p. 2. Plaintiff further states that he has a mark on his tongue that goes down his throat and that his taste buds "are not right." Id. Plaintiff also states that his stomach and digestive system do not function the same. Id. Plaintiff further complains about a lump on his rectum that a nurse diagnosed as hemorrhoids. Plaintiff states that the medical staff knew that his condition was not hemorrhoids, but "tried to hide what they saw and felt." Id. p. 3.

2

## DISCUSSION

A. Motion to Amend

Plaintiff seeks to amend his complaint to clarify the parties and claims. The court GRANTS plaintiff's motion to amend. See Fed. R. Civ. P. 15(a).

In his amended complaint, plaintiff states that Brown is the only defendant in this action. The court construes plaintiff's filing, in part, as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) of his claim against Branker. An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2). At this point, Branker has not filed an answer or a motion for summary judgment. Accordingly, plaintiff's request to voluntarily dismiss Branker pursuant to Rule 41(a)(1) is GRANTED, and plaintiff's action against Branker is DISMISSED without prejudice.

B. Brown's Motions to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

3

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2. Analysis

a. Statute of Limitations

Brown argues that plaintiff's § 1983 action should be dismissed because it is barred pursuant to the statute of limitations. Although there is no federal statute of limitations for claims brought under 42 U.S.C. § 1983, the relevant state statute governing personal injury claims should be applied. See Wallace v. Kato, 549 U.S. 384, 388 (2007). The appropriate statute of limitations for personal injury claims in North Carolina is found in N.C. Gen. Stat. § 1-52(5), which applies a three-year period of limitations. See National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). In § 1983 complaints, the cause of action accrues and the statute of limitations begins running "when plaintiff knows or has reason to know of the injury which is the basis of the action." Id. at 1162.

In this case, plaintiff alleges that Brown injected him with a needle causing him injury on December 14, 2007. Plaintiff then had three years until December 14, 2010, to file his claim against Brown. Plaintiff filed this action on February 3, 2011. Accordingly, plaintiff filed this action after the expiration of the statute of limitations.

4

As a defense, plaintiff argues that, on December 2, 2010, he wrote a letter to this court's Clerk of Court requesting assistance in filing a claim raising the instant issues in an action pursuant to 42 U.S.C. § 1983. Upon investigation, court records contain a copy of plaintiff's December 2, 2010, letter expressing a desire to file a § 1983 action. It appears that plaintiff's action was not filed at that time because it was not submitted on the proper form. However, Federal Rule of Civil Procedure 5(d)(4) provides: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by local rule or practice." Accordingly, plaintiff's action should have been filed on December 2, 2010, which would have been within the statute of limitaitons period. In light of the Clerk's error, the court denies Brown's motion to dismiss plaintiff's action as untimely.

      b.    Deliberate Indifference to a Serious Medical Need

Brown next contends that plaintiff failed to state an Eighth Amendment claim for deliberate indifference to serious medical needs. In response, plaintiff clarifies that "[t]his is not a claim by which . . . he is complaining that his injuries and damage resulted from medical advice or treatment from [Brown], but . . . a claim . . . that his injuries resulted directly from the assault and excessive force used against him by [Brown]." Pl.'s Resp. p. 5. The court construes plaintiff's statements as a request to voluntarily dismiss his deliberate indifference to medical care claim against Brown.

In this case, Brown filed an answer. Because Brown filed an answer, plaintiff's action may only be voluntarily dismissed pursuant to rule 41(a)(2), which permits voluntary dismissal "on terms that the court deems proper." Fed. R. Civ. P. 41(a)(2). A plaintiff's motion under rule 41(a)(2) should not be denied absent substantial prejudice to the defendants. <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986). The court finds that it is appropriate to voluntarily dismiss this

claim as plaintiff has informed the court that it has been misconstrued, and that it was not his intent to bring such a claim. Thus, the court dismisses without prejudice plaintiff's deliberate indifference to medical care claim against Brown.

c. Excessive Force

Plaintiff alleges that Brown used excessive force against him in violation of the Eighth Amendment when he illegally injected him with an unknown substance without his permission or consent. This claim was not addressed by Brown's motion to dismiss. Thus, plaintiff's excessive force claim remains pending.

## CONCLUSION

Based upon the foregoing, plaintiff's motion to amend (DE # 29) is GRANTED. The court ALLOWS plaintiff's request to voluntarily dismiss both his action against Branker and his claim against Brown alleging deliberate indifference to his serious medical needs. These claims are DISMISSED without prejudice. Branker's motion to dismiss (DE # 26) is DENIED as moot. Brown's motion to dismiss (DE # 32) is DENIED without prejudice. The Clerk of Court is DIRECTED to attach a copy of plaintiff's December 2, 2010, letter to this order. The Clerk of Court also is DIRECTED to issue an initial order.

SO ORDERED, this the 21 day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

6